Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JOANNE M. CARN ÁLVAREZ<br><br>*Peticionaria*<br><br>v.<br><br>HOGAR BRISAS DEL CONDADO, INC. Y OTROS<br><br>*Recurridos* | TA2026CE00197 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2024CV10084 (808)<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a <u>13</u> de marzo de 2026.

Comparece ante nos, la señora Joanne M. Carn Álvarez (señora Carn Álvarez o peticionaria) mediante recurso de *certiorari* y solicita que revoquemos la *Resolución*[1] emitida y notificada el 30 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Moción de Reconsideración y Solicitando Permiso para Enmendar Demanda*[2] presentada el 23 de enero de 2026 por la peticionaria.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

## **I.**

El caso de autos tuvo su origen el 29 de octubre de 2024 cuando la señora Carn Álvarez instó una *Demanda*[3] de daños y perjuicios por maltrato institucional contra el Hogar Brisas del Condado, Inc. (Hogar Brisas) y el señor Carmelo Rodríguez Gordon

---

[1] Apéndice 55 del recurso de *Certiorari*.
[2] Apéndice 52 del recurso de *Certiorari*.
[3] Apéndice 1 del recurso de *Certiorari*.

(señor Rodríguez Gordon) (en conjunto, recurridos), debido al alegado maltrato institucional realizado a la madre de la peticionaria, la fenecida Carmen L. Álvarez Pérez. El 21 de marzo de 2025, los recurridos sometieron su *Contestación a la Demanda*[4], la cual tuvo una enmienda el 26 de marzo de 2025[5].

Tras varios incidentes procesales, el 24 de noviembre de 2025, las partes presentaron el *Informe de Conferencia con Antelación a Juicio*[6]. Sin embargo, el 18 de diciembre de 2025, la peticionaria presentó una *Urgente Moción en Cumplimiento de Orden y Solicitando Orden*[7]. En la misma, solicitó que se le ordenara a los recurridos que entregaran documentación[8] relacionada a la corporación Hogar Brisas. Esto, debido a que de manera alegadamente fraudulenta, el señor Rodríguez Gordon permitió la revocación de la corporación el 30 de diciembre de 2023, y no fue hasta el 24 de marzo de 2025 que solicitó reanudar las funciones de la corporación. Asimismo, la señora Carn Álvarez alegó que el señor Rodríguez Gordon abrió nuevamente la corporación para efectos del presente caso, escondiendo información sumamente relevante, dado que sus activos se encontraban en cero (0).

El 7 de enero de 2026, los recurridos sometieron *R[é]plica a Urgente Moción en Cumplimiento de Orden y Solicitud de Orden*[9] y esbozaron que la situación de autos y las alegaciones de la peticionaria se circunscribían al año 2022, y que, para ese entonces, la corporación estaba activa conforme a la ley. Por ende, adujeron que no era pertinente la petición de las planillas de contribución

---

[4] Apéndice 11 del recurso de *Certiorari*.
[5] Apéndice 15 del recurso de *Certiorari*.
[6] Apéndice 42 del recurso de *Certiorari*.
[7] Apéndice 48 del recurso de *Certiorari*.
[8] Planillas de contribución sobre ingresos para los años 2022, 2023 y 2024; Certificado de Good Standing de Hogar Brisas del Condado, Inc. y Licencia del hogar de envejecientes para los años 2024 y 2025.
[9] Apéndice 50 del recurso de *Certiorari*.

sobre ingresos y las otras solicitudes que no guardaban relación para el año 2022.

Evaluada las posiciones de las partes, al día siguiente, el TPI emitió y notificó una *Resolución*[10] en la cual declaró *No Ha Lugar* el petitorio de la señora Carn Álvarez. Inconforme con la determinación, el 23 de enero de 2026, la peticionaria presentó *Moción de Reconsideración y Solicitando Permiso para Enmendar Demanda*, a los fines de presentar las alegaciones pertinentes sobre descorrer el velo corporativo, debido a las actuaciones de los recurridos.

Por su parte, el 29 de enero de 2026, los recurridos presentaron su *Oposición a Moción de Reconsideración y Solicitud para Enmendar Demanda*[11]. Allí, arguyeron que la enmienda a la *Demanda* no era una corrección necesaria del reclamo de daños y perjuicios por hechos del 2022. Si no que, era un intento de replantear el caso luego del cierre del descubrimiento de prueba con cuestiones que no guardaban relación razonable con la controversia originalmente planteada.

Al día posterior, el foro recurrido emitió y notificó una *Resolución* en la cual declaró *No Ha Lugar* la reconsideración solicitada por la peticionaria, al concluir que no existía base fáctica ni jurídica suficiente para modificar lo previamente resuelto. Señaló que la cancelación del certificado de incorporación de la corporación no implicaba automáticamente su inexistencia jurídica para fines de litigio, ya que la ley permite la continuación de su personalidad jurídica por un tiempo posterior y reconoce efectos legales a su reinstalación.

Asimismo, el TPI denegó el permiso para enmendar la *Demanda* para alegar la doctrina de descorrer el velo corporativo.

---

[10] Apéndice 51 del recurso de *Certiorari*.
[11] Apéndice 54 del recurso de *Certiorari*.

Aunque reconoció la política de liberalidad en las enmiendas, determinó que, en la etapa procesal del caso, la enmienda alteraría sustancialmente el caso, introduciría controversias corporativas colaterales innecesarias para la reclamación principal, obligaría a reabrir el descubrimiento de prueba ya concluido y causaría perjuicio indebido a los recurridos. Además, afectaría el calendario de juicio ya señalado para octubre de 2026. También, consideró que la solicitud de enmienda surgía en gran medida como reacción a determinaciones previas adversas, lo cual no justifica reabrir asuntos ya resueltos.

Insatisfecha aun, el 19 de febrero de 2026, la señora Carn Álvarez acudió ante este foro intermedio y le imputó al TPI el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE SAN JUAN AL NO PERMITIR LA SOLICITUD DE ENMIENDA A LA DEMANDA PRESENTADA POR LA PETICIONARIA.

El 20 de febrero de 2026, emitimos una *Resolución* concediendo a los recurridos diez (10) días desde la notificación de esta para mostrar causa por la cual no se debía expedir el recurso presentado. En cumplimiento, el 2 de marzo de 2026, los recurridos sometieron su *Alegato en Oposición a Petición de Certiorari* en el cual esbozaron que del propio trámite procesal se desprendía que la solicitud de enmienda surgió tras la denegatoria de determinada información en descubrimiento de prueba tardío, lo cual no constituía fundamento para reabrir, por una vía alterna lo ya resuelto. De igual manera, adujeron que, si la señora Carn Álvarez quería descorrer el velo corporativo, debió de hacerlo el 25 de marzo de 2025. Es decir, en la fecha en que informaron que la corporación había sido cancelada y que posteriormente había sido reactivada ante el Departamento de Estado. Asimismo, arguyeron que la peticionaria mezcló la carencia de personalidad jurídica con la

doctrina de rasgar el velo corporativo, y que esos eran conceptos incompatibles entre sí.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[12] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[13]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[14]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[15].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[16]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra,* faculta nuestra intervención en

---

[12] 32 LPRA Ap. V, R. 52.1.
[13] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 62-63, 216 DPR __ (2025).
[14] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[15] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[16] *García v. Padró,* 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 180 (1992).

situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[17].
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido.

---

[17] 32 LPRA Ap. V, R. 52.1.

Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**III.**

En esencia, la señora Carn Álvarez nos solicitó que revoquemos el dictamen recurrido, pues adujo que el TPI incidió al no permitirle enmendar la *Demanda*. Esto, dado que, como parte de los procedimientos del caso, advino en conocimiento que en efecto el señor Rodríguez Gordon reactivó fraudulentamente la corporación. Asimismo, adujo que no está trayendo una parte nueva al caso, si no que se están aclarando las alegaciones de la *Demanda*, conforme a la nueva información obtenida. Enfatizó que, al no permitir la enmienda a la *Demanda*, se le privaría de su debido proceso de ley.

Por su parte, los recurridos arguyeron que del propio trámite procesal se desprendía que la solicitud de enmienda surgió tras la denegatoria de determinada información en descubrimiento de prueba tardío, lo cual no constituía fundamento para reabrir, por una vía alterna lo ya resuelto. Además, adujeron que, si la peticionaria quería descorrer el velo corporativo, debió hacerlo el 25 de marzo de 2025 cuando informaron que la corporación había sido cancelada y que posteriormente había sido reactivada ante el Departamento de Estado. De igual manera, argumentaron que la señora Carn Álvarez mezcló la carencia de personalidad jurídica con la doctrina de rasgar el velo corporativo, y que esos eran conceptos incompatibles entre sí.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y

revisar una controversia como la presente, pues la *Resolución* en controversia no está contemplada bajo la precitada regla. Por otro lado, ninguno de los planteamientos presentados nos persuade a concluir que nuestra intervención es necesaria para evitar un fracaso irremediable de la justicia ni que se trata de un asunto que reviste interés público.

Asimismo, al haber considerado los hechos del caso de marras, no estamos convencidos que se cumple con alguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

En fin, el recurso no es revisable, por lo cual, procede denegarlo sin trámite ulterior para que continúen los procedimientos correspondientes.

**IV.**

Por los fundamentos antes expuestos, **denegamos** el recurso de *certiorari* de epígrafe. Se devuelve el caso al foro de instancia para la continuación de los procedimientos

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones